In the Matter of EDWARD L. FLEISCHER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 3, 1989

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Mark F. De Wan* of counsel), for petitioner.

*Robert M. Rosenblith* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on December 21, 1960, under the name Edward Leo Fleischer. By order of this court dated December 30, 1986, the respondent was suspended from the practice of law in New York pending the outcome of this disciplinary proceeding.

By order of the Supreme Court of New Jersey dated May 28, 1986, the respondent was disbarred in New Jersey. The disbarment in New Jersey was based, *inter alia,* upon the respondent's intentional misappropriation of clients' funds.

This proceeding was commenced pursuant to 22 NYCRR 691.3, which permits this court to impose discipline upon an attorney who has been disciplined in another State. That rule permits an attorney to raise certain enumerated defenses to the imposition of discipline in New York and demand a hearing. The Special Referee to whom the matter was referred considered the respondent's defense that the imposition of discipline in New York would be unjust, and found no basis upon which to recommend the withholding of the imposition of sanctions in New York.

The petitioner moves and the respondent cross-moves to confirm the report of the Special Referee.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The motion and cross motion to confirm the report of the Special Referee are granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that the respondent has already been disciplined in New Jersey as well as the other mitigating circumstances advanced by the respondent at the hearing of this matter. Nevertheless, the respondent is guilty of serious professional misconduct requiring the imposition of disbarment in New York.

Accordingly, the respondent should be, and hereby is, disbarred, nunc pro tunc, to May 28, 1986, the date of his disbarment in New Jersey. It is ordered that his name be stricken from the roll of attorneys and counselors-at-law.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee and the respondent's cross motion to confirm the report of the Special Referee are granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Edward L. Fleischer, admitted under the name Edward Leo Fleischer, is disbarred, nunc pro tunc, to May 28, 1986, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Edward L. Fleischer is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.